IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRELL HARPER | § | |
| v. | § | CIVIL ACTION NO. 6:16cv508 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Darrell Harper, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Harper states that he was convicted of terroristic threat and retaliation on January 27, 2012, receiving a sentence of six years in prison. He also refers to a disciplinary case he received on May 23, 2016, for failure to turn out for a work assignment.

Harper complains that sanctions imposed upon him by the Fifth Circuit Court of Appeals permit the Respondent to take advantage of him for being unlawfully convicted. He refers to this as "actual unfairness" which constitutes "government inducement." Harper maintains that no rather juror could have found him guilty beyond a reasonable doubt, but the only specific ground he raises in his petition concerns the sanctions imposed by the Fifth Circuit.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge observed that Harper has been sanctioned repeatedly by the Fifth Circuit, including a bar from filing any new pleadings until all of the sanctions have

1

been satisfied. Harper did not show and court records do not reflect that he had satisfied the sanctions. Although Harper challenged the validity of the sanctions, the Magistrate Judge observed that the district court lacked authority to set aside sanctions imposed by the Fifth Circuit.

A copy of this order was sent to Harper at his last known address, return receipt requested, but no objections have been received; accordingly, Harper is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 4) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Darrell Harper is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **24** day of **June, 2017.**

Ron Clark, United States District Judge